UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00002-JMS-MJD |
| | ) |
| THE ANTHEM COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Motion to Compel Discovery, [Dkt. 93]. For the reasons set forth below, the motion is **DENIED**.

**I.  Background**

In her Third Amended Complaint, Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and various state laws[1] in two ways:

- "forc[ing] employees working as salespersons and enrollment specialists to work overtime hours by implementing minimum productivity quotas requiring overtime hours to meet, [while a]t the same time . . . subject[ing] employees who reported overtime hours to 'productivity reviews' and reprimand/termination," thus "compell[ing] [employees] to under-report their working hours and work off-the clock in order to maintain job security," [Dkt. 76 at 1]; and

---

[1] Plaintiff's proposed class implicates the laws of Arkansas, California, Colorado, Connecticut, Florida, Georgia, Iowa, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, North Carolina, South Carolina,  Texas, Virginia, Washington, West Virginia and Wisconsin.  [Dkt. 76 at 2-3.]

- failing to compensate employees for time spent logging into and out of the computer system at the beginning and end of each day, *id.* at 13-14.

Plaintiff seeks to bring her claims on behalf of herself, a nationwide FLSA Collective Action class, and a Rule 23 class, which she defines as follows:

> all non-managerial employees classified by Defendant as non-exempt who engaged or facilitated in the enrollment and/or recertification of Defendant's clients (including but not limited to all non-managerial, Customer Service Representatives, Membership Enrollers, and Sales Representatives, throughout the United States with the exception of New York State) employed by Defendant in the three (3) years, or the relevant statutory period of each state's applicable labor law if longer, prior to the filing of the Complaint in this case.

*Id.* at 7.

Defendant has moved for judgment on the pleadings on the ground that Plaintiff filed for Chapter 13 bankruptcy protection after leaving Defendant's employ and prior to filing this case but did not disclose her claim against Defendant in her bankruptcy proceeding. [Dkt. 83.] In response to that motion, Plaintiff moved to stay this case to give her the opportunity to attempt to amend her bankruptcy filings to include this claim. [Dkt. 94.] Judge Magnus-Stinson granted the motion to stay and stayed this case for ninety days, but exempted the instant motion from the stay. [Dkt. 112.]

## II. Discussion

In the instant motion, Plaintiff seeks an order compelling Defendant to produce the following:

1. Identification of all regional managers and any multi-state general managers (such as Defendants' [sic] Managers for "Commercial Business West Markets," "Central Markets," "Eastern Markets," etc.), who oversee (1) Membership Representatives; (2) Facilitated Enrollment Representatives; (3) Member Retention Associates; (4) Member Retention Field Associates; (5) Lead Facilitated Enrollment Representatives; and/or (6) Customer Service Representatives, for Defendant within the States listed in Plaintiff's Third Amended Complaint since January 3, 2019 ("Covered Employees");

2

2. Identification of all individuals responsible for creating the procedure and/or for determining quotas (or as Defendant's state, "reasonable expectations") for Covered Employees;

3. Identification of Defendant's head of human resources, head of payroll, and head of IT (information and technology); and

4. Production of a chart laying out the corporate structure of Defendant's managerial employees by title and duty.

[Dkt. 93 at 1.] Plaintiff states that this information "would be responsive to the following document and interrogatory requests: Plaintiff's Interrogatory Requests #4, 7, 8 and Plaintiff's Document Requests #9, 13, 14." *Id.* at 2. Those interrogatories and requests read as follow:

- Interrogatory No. 4: "Identify all managers of Covered Employees, including Plaintiff HARRIS's manager." [Dkt. 93-2 at 2.]

- Interrogatory No. 7: "Please identify any documents, memorandums, and individuals responsible for creating the procedure and/or for determining quotas for Covered Employees." *Id.* at 7

- Interrogatory No. 8: "Please identify all Plaintiff's quotas set by Defendant or any and all documents listing Plaintiff's sales quotas set by Defendant during the statutory period." *Id.* at 8.

- Document Request No. 9: "Any and all organization charts listing management in charge of Covered Employees, including Plaintiff HARRIS." *Id.* at 25.

- Document Request No. 13: "Any and all documents memorandum, [sic] regarding policy and procedure for setting of quotas on any Covered Employees." *Id.* at 28.

- Document Request No. 14: "Any and all documents memorandum, [sic] regarding Plaintiffs [sic] quotas during the statutory period." *Id.* at 29.

Defendant argues that none of these interrogatories or requests encompass Plaintiff's request in her motion that it be compelled to identify its head of human resources, head of payroll, and head of IT. The Court agrees. Accordingly, Plaintiff's motion to compel is **DENIED** as to that category.

3

Defendant likewise argues that none of these interrogatories or requests encompass Plaintiff's request in her motion that it be compelled to identify the "regional managers" and "multi-state general managers" as sought in the instant motion. Again, the Court agrees. Defendant already has identified "the direct manager, as well as those managers' managers, of more than 20,000 employees included in the putative class and collective that Plaintiff has identified." [Dkt. 104 at 6.] The Court does not believe that Plaintiff's interrogatories and requests, as written, require more. Plaintiff's interrogatories ask for the identities of Plaintiff's (and each class members') "manager" and managers or assistant managers "assigned to Plaintiff" (and each class member). These interrogatories cannot reasonably be read as also requesting the identities of those managers' managers, and those managers' managers' managers, etc.[2]

With regard to Plaintiff's request in the instant motion for "a chart laying out the corporate structure of Defendant's managerial employees by title and duty," Document Request No. 9 seeks "[a]ny and all organization charts listing management in charge of Covered Employees, including Plaintiff HARRIS." [Dkt. 93-2 at 25.] Defendant states that no such document exists, but Defendant has agreed to produce the following: "a constructed 'chart' that shows, by title, all reporting relationships from Plaintiff's former manager up (who has been identified already in Defendant's discovery responses) to the Chief Executive Office." [Dkt. 104 at 8.] Similarly, with regard to the information Plaintiff seeks regarding those involved in creating the "quotas" or "reasonable expectations" at issue in this case, Defendant has agreed to "supplement its response to Interrogatory Nos. 7 and 8 to describe how production metrics or

---

[2] Plaintiff states that "[o]n September 8, 2022, Defendant agreed to identify Regional and District Managers." [Dkt. 93 at 2.] Plaintiff provides no evidence of or further information about that agreement.

goals were set for Harris and who communicated those to her." [Dkt. 104 at 11.] Defendant argues that Plaintiff is not entitled to these categories of information for putative class members unless and until a class is certified because, until such time, the requested discovery is not proportional to the needs of the case.

The Court rarely finds it appropriate to stay discovery, in whole or in part, pending ruling on a dispositive motion or a motion for class certification. However, the Court finds this to be one of the rare occasions in which delaying widescale discovery relevant only to putative class members is the better course of action. Plaintiff herself concedes that, absent action by the Bankruptcy Court and the trustee, she will be unable to proceed with this case. Further, the motion for class certification is fully briefed and likely will be resolved promptly after the stay is lifted, assuming the case proceeds. Accordingly, the Court **DENIES** Plaintiff's requests for "[i]dentification of all individuals responsible for creating the procedure and/or for determining quotas (or as Defendant's state, 'reasonable expectations') for Covered Employees" other than Harris and "[p]roduction of a chart laying out the corporate structure of Defendant's managerial employees by title and duty," other than those related to Harris, because those requests are not proportional to the needs of this case unless and until a class is certified.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel Discovery, [Dkt. 93], is **DENIED**.

SO ORDERED.

Dated:  28 FEB 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.